Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

PROPOSED COUNSEL FOR GOLF TAILOR, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GOLF TAILOR, LLC | § | CASE NO. 21-30995-MVL |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now Golf Tailor, LLC ("Debtor" and "Debtor in Possession"), and hereby files this Motion for Authority to use Cash Collateral (the "Motion") and in support thereof would respectfully show the Court as follows:

**I.    JURISDICTION AND VENUE**

1.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for relief requested herein are Sections 105(a), 363(b) and 507(a) of the Bankruptcy Code.

**II.    BACKGROUND**

3.    Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code on May 28, 2021 (the "Petition Date"). Pursuant to sections 1107 and 1108 of the

Bankruptcy Code, the Debtor is continuing to operate as a Debtor in Possession.

4. Debtor is an online retailer of golf products, and Debtor's primary customers are retail consumers.

### III. SECURED AND JUDGMENT CREDITORS

5. Upon information and belief, Clear Finance Technology Corporation ("CFTC") and American Express Bank FSB ("AMEX") are asserting secured claims against the Debtor and have filed UCC financing statements with the Oklahoma County Clerk.

6. Upon and information and belief, CFTC and AMEX may hold a lien that may attach to personal property including cash collateral of the Debtor.

7. Nothing herein constitutes an admission of the validity, priority and/or extent of any lien asserted or referenced above and specifically whether any post-petition cash constitutes cash collateral.

### IV. REQUEST FOR USE OF CASH COLLATERAL

8. Debtor requires the use of cash to pay its reasonable and necessary operating expenses, including, but not limited to, salaries, post-petition wages, commissions, withholdings and deductions, supplies, fees to the United States Trustee, job operating cost, taxes, insurance, and to minimally preserve and optimally increase the value of the business for the benefit of all creditors, including CFTC and AMEX.

### V. GROUNDS FOR RELIEF REQUESTED

9. Section 363 of the Bankruptcy Code authorizes a debtor to use cash collateral if those having an interest in such cash collateral consent or the court authorize the use.[1] The use of cash collateral, however, may be prohibited or conditioned, upon proper request, as is necessary

---

[1] *See* 11 U.S.C. §363(c)(2)

to adequately protect any interest in cash collateral.[2] The burden, however, to demonstrate that the cash constitutes cash collateral belongs to the party claiming an interest in that cash and is not the Debtor's burden to prove the contrary.[3]

10. A court may authorize the use of cash collateral upon showing that those with an interest in the cash collateral are adequately protected.[4] Adequate protection requires examination of the creditor(s)' aggregate collateral position, not simply protection of its lien on cash. Adequate protection may be provided by granting replacement or additional liens "to the extent [that the use of cash collateral] results in a decrease in the value of [an] entity's interest in property."[5] Authorizing a debtor to use cash collateral on an interim basis is appropriate where, as here, continuing the business as a going concern will cause the generation of inventory and future revenues upon which the secured lender is granted replacement liens.[6]

11. By authorizing the Debtor to use Cash Collateral, the Court will place the Debtor in a position to fund the operating expenses of the business and to operate its facility as a going concern for the immediate future. The Debtor needs to use Cash Collateral, *inter alia*, to fund payroll, satisfy employee obligations, pay suppliers and other vendors of the Debtor, and meet other on-going business obligations. Without the authority to use Cash Collateral, the Debtor will be unable to fund its business operations in a manner that will allow the Debtor to continue to operate its business as a going concern, to the detriment of *all* of Debtor's creditors, including

---

[2] *See* 11 U.S.C. §363(e).

[3] *See* 11 U.S.C. § 363(o)(2).

[4] *See In re Harrington and Richardson, Inc.*, 48 B.R. 431, 433 (Bankr.D.Mass. 1985); *In re Certified Corp.*, 51 B.R. 768, 770 (Bankr.D.Hawaii 1985) ("It is well established that a debtor is entitled to use cash collateral upon proof of adequate protection.").

[5] *See* 11 U.S.C. § 361(2).

MOTION FOR AUTHORITY TO USE CASH COLLATERAL 3

CFTC and AMEX.

12. Should the Debtor not be allowed to use Cash Collateral to fund its day-to-day operations, not only would the Debtor and its employees be damaged, but also CFTC and AMEX and the other creditors of the Debtor. A denial of the use of Cash Collateral would cause immediate and irreparable harm to the reputation, goodwill, and public confidence in the Debtor, a consequence that can only translate into a drastic loss in value as a going concern in a highly competitive business.

### VI. OFFER OF ADEQUATE PROTECTION AND SUMMARY OF INTERIM CASH COLLATERAL ORDER

13. The offer of adequate protection is as follows:

   a) The cash will be used to continue the operations of the Debtor's business, pay salaries, fees to the U.S. Trustee and to maintain insurance on the Debtor's property. A copy of Debtor's proposed two weeks and 30 day budgets are attached hereto as *Exhibit A*;

   b) The Debtor will file its monthly operating reports with the Bankruptcy Court on a timely basis, thus providing monthly financial statements to CFTC and AMEX by and through the Bankruptcy Court's electronic noticing process;

   c) The use of Cash Collateral may be terminated by the Court on motion, after notice and a hearing, if the Court determines that CFTC and AMEX are no longer adequately protected.

   d) CFTC and AMEX are hereby granted replacement lien(s) and security interest(s) (the "Replacement Liens") in the Debtor's cash and receipts (the "Replacement Collateral") but only to the same extent, validity and priority that the lien(s) and security interests existed prior to the bankruptcy filing. The Replacement Lien(s) are subordinate to any prior existing, validly perfected and non-avoidable lien and security interest that existed on the Filing Date. The Replacement Lien shall not cover causes of action governed by Chapter 5 of the Bankruptcy Code. Additionally, nothing herein constitutes an admission or an order with respect to the

---

[6] *See, e.g., In re Neise, Inc.*, 16 B.R. 600 (Bankr. D. Fla. 1981); *In re Certified Corp.*, 51 B.R. 768 (Bankr.D. Hawaii 1985); *In re Post-Tron Systems, Inc.*, 106 B.R. 345 (Bankr.D.R.I. 1989).

MOTION FOR AUTHORITY TO USE CASH COLLATERAL     4

validity, priority and/or extent of the lien(s) purportedly held by CFTC and AMEX.

14. The Debtor believes that the terms of this proposed Cash Collateral Order are fair and reasonable under the circumstances. The Debtor asserts that the aggregate value of CFTC and AMEX's collateral will not diminish as a result of the use of cash in this case. However, the value of the interest in cash and receipts may fluctuate and even decrease over the course of this bankruptcy proceeding.

15. The Debtor believes that CFTC and AMEX are entitled to the adequate protection as set forth in the summary above. The adequate protection provisions have been drafted to provide protection without taking undue or inappropriate value from the Estate and its unsecured creditors.

16. Given that the interest of CFTC and AMEX will be adequately protected, it is in the best interest of the Debtor, this Estate, and all of Debtor's creditors for the Debtor to continue operations of the business and obtain authorization for the use Cash Collateral.

## VII. NOTICE OF THIS MOTION

17. No Chapter 11 Trustee or creditors' committee has been appointed in this case. Notice of this Motion has been provided to the Office of the United States Trustee, the Debtor, CFTC and AMEX, creditors on the attached mailing matrix and creditors that have entered a notice of appearance via electronic means, facsimile or United States First Class Mail, which the Debtor submits is sufficient notice under the circumstances and that no further notice is necessary for interim relief.

## VIII. REQUEST FOR RELIEF

18. As such, the Debtor respectfully requests this Court authorize the use of Cash Collateral for the purposes of paying necessary business expenses as allowed by Section 363 of

the Bankruptcy Code. Debtor request that this relief be granted on an interim basis. Relief is necessary on an interim basis to avoid immediate and irreparable harm to the Debtor, its Estate, and all of its creditors, as previously asserted and will afford Debtor to provide all creditors of subsequent notice of a final hearing.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests the Court (i) authorize the use of Cash Collateral pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(b); and (ii) grant such other relief and further relief as the Court may deem proper.

Dated: May 28, 2021                 Respectfully submitted,

/s/ Areya Holder Aurzada
Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

PROPOSED COUNSEL FOR GOLF TAILOR, LLC.

## CERTIFICATE OF CONFERENCE

This is to certify that I attempted to confer via telephone with Psaluja on May 28, 2021, a representative of CT Lien Solutions, who is listed as contact on the UCC Financial Statement for both CFTC and AMEX, regarding the filing of the Motion for Authority to Use Cash Collateral and the corresponding Motion for Expedited Hearing. Psaluja was unavailable, and I subsequently left a voicemail.

Additionally, Amy Hinson, my legal assistant, and I attempted to confer via telephone and email with Tal Marantz with CFTC regarding the Motion for Authority to Use Cash Collateral and the corresponding Motion for Expedited Hearing. Mr. Marantz was unavailable,

and I subsequently left a voicemail. As of the filing of this Motion, Ms. Hinson has not received any replies to the emails sent to Mr. Marantz and other CFTC emails.

Further, I attempted to confer via telephone with Michael Lynch and Lisa Segal with AMEX regarding the Motion for Authority to Use Cash Collateral and the corresponding Motion for Expedited Hearing. Mr. Lynch and Ms. Segal were unavailable, and I was unable to leave a voicemail for either of them.

As of the filing of this Motion, the positions of CFTC and AMEX are unknown.

Finally, on May 28, 2021, my legal assistant, Amy Hinson, attempted to confer via telephone and email with Erin Schmidt with the Office of the United States Trustee (the "UST") regarding this Motion for Authority to Use Cash Collateral and the corresponding Motion for Expedited Hearing. Ms. Schmidt was unavailable, and Ms. Hinson subsequently let a voicemail. As of the filing of this Motion, the position of UST is unknown.

/s/ *Areya Holder Aurzada*
Areya Holder Aurzada

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on May 28, 2021, upon the attach mailing matrix via United States first class mail, postage prepaid except for the parties listed below which received electronic notice.

**VIA ELECTRONIC NOTICE ON:**

| | |
|---|---|
| Erin Schmidt<br>Office of the U.S. Trustee<br>1100 Commerce, Room 976<br>Dallas, Texas 75242-1496 | *Via email: Erin.Schmidt2@usdoj.gov* |
| Tal Marantz<br>Clear Finance Technology Corporation<br>548 Market Street #68100<br>San Francisco, CA 94104 | *Via email: payments@clearbanc.com*<br>*Via email: support@clearbanc.com*<br>*Via email: info@clearbanc.com* |

*/s/ Areya Holder Aurzada*
Areya Holder Aurzada