Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

PROPOSED COUNSEL FOR GOLF TAILOR, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| GOLF TAILOR, LLC | § § | CASE NO. 21-30995-MVL |
| Debtor | § § § | Chapter 11 |

**MOTION OF DEBTOR FOR AN ORDER AUTHORIZING (I) THE DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, DEDUCTIONS, TAXES AND WITHHOLDINGS AND (II) BANKS TO HONOR AND PAY CHECKS ISSUED TO PAY PRE-PETITION WAGES, SALARIES, DEDUCTIONS, TAXES AND WITHHOLDINGS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Golf Tailor, LLC ("Debtor" and "Debtor in Possession"), and hereby submits this motion (the "Motion") pursuant to Sections 105(a), 363(b) and 507(a) of the United States Bankruptcy Code and 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"), for the entry of an order authorizing (i) the Debtor to pay pre-petition wages, salaries, deductions, taxes and withholdings and (ii) banks to honor and pay checks issued to pay pre-petition wages, salaries, deductions, taxes and withholdings. In support of this Motion, the Debtor respectfully represents as follows:

**I. JURISDICTION AND VENUE**

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding and this Motion is proper in this district pursuant to 28 U.S.C.

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

1

§§ 1408 and 1409.

2. The statutory bases for relief requested herein are Sections 105(a), 363(b) and 507(a) of the Bankruptcy Code.

## II. BACKGROUND

3. Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code on May 28, 2021 (the "Petition Date"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate as a Debtor in Possession.

4. Debtor is an online retailer of golf products, and Debtor's primary customers are retail consumers.

5. The Debtor employs 2 salary employees and 4 hourly employees (collectively, the "Employees") for this applicable pay cycle. None of the Employees belong to a union. The Employees perform a variety of critical functions, including management, marketing and sales, business administration and general operations. The Employees' skills and specialized knowledge and understanding of the Debtor's infrastructure and operations are essential to the Debtor's continuing operations and the ability to reorganize. Payroll for the period of May 23, 2021 through May 29, 2020 is due on **June 1, 2021** (the "Pay Cycle"). The Pay Cycle includes five (5) days that are pre-petition.

## III. REQUEST FOR AUTHORITY TO PAY
## PRE-PETITION COMPENSATION AND RELATED CLAIMS

6. As described above, the Debtor's workforce includes approximately 10 Employees. The continued and uninterrupted service of the employee is essential to the Debtor's continuing business operations and the ability to reorganize.

7. The Debtor pays its Employees on a weekly basis. The gross pre-petition wages due for the **Pay Cycle** is approximately $10,250.13. The employee's pre-petition wages that the

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

2

Debtor seeks is less than the priority wage allowance of $13,650.00 for each individual as allowed by Section 507(a)(4) of the Bankruptcy Code.

8. In addition, as of the Petition Date, the Debtor had obligations relating to Pre-Petition Wages for: (a) deductions taken from Employees' paychecks in order to make payments on behalf of the employee for or with respect to (i) benefit plans, (ii) life insurance plans, or (iii) garnishments or support payments (collectively, "Deductions"); and (b) withholdings from employees' paycheck on account of various federal, state and local income, FICA, Medicare and other taxes for remittance to the appropriate federal, state or local taxing authority (collectively, "Withholdings"). The amount of Withholdings and Deductions attributable to compensation earned prior to the Petition Date for the Pay Cycle is approximately $2,312.68.

9. The Debtor seeks authority to pay all Pre-petition Wages, Deductions and Withholdings.

## IV. JUSTIFICATIONS FOR GRANTING THE REQUESTED RELIEF

10. Pursuant to Sections 105(a), 363(b), and 507(a)(3) and (4) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtor seeks authority to pay the foregoing outstanding employee obligations and expenses. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use property of the estate other than in the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this Title." 11 U.S.C. § 105(a).

11. The relief requested in this Motion is supported by the well-established "necessity of payment" doctrine. The "necessity of payment" doctrine provides that "if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

3

the reorganization, payment may be authorized even if it is made out of corpus." *In re Leigh & New England Ry. Co.*, 657 F.2d 570,581 (3rd Cir. 1981). Bankruptcy courts have recognized their power to authorize a debtor's payment of pre-petition wages and salaries on the grounds that such payments are crucial to a debtor's reorganization, particularly when such payments would otherwise be entitled to priority under the Bankruptcy Code. *In re CEI Roofing*, 315 B.R. 50 (Bankr. N.D. Tex. 2004); *In re Coserv, L.L.C.,* 273 B.R. 487; (Bankr. N.D. Tex. 2002); *In re Quality Interiors, Inc.,* 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) (citing *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987) (under the "necessity of payment" doctrine, the bankruptcy court should defer to debtor's business judgment in permitting payment of certain workers' compensation claims); *In re Structurlite Plastics Corp.*, 86 B.R. 922 (Bankr. S.D. Ohio 1988).

12. The "necessity of payment" doctrine authorizes the Debtor to pay the employee obligations described in this Motion. As set forth above, the compensation claims individually do not exceed $13,650.00, and, therefore, are entitled to priority status under 11 U.S.C. §§ 507(a)(3) and 507(a)(4). The Debtor will have to pay these claims in order to confirm a Chapter 11 plan. See 11 U.S.C. 1129(a)(9)(B). Consequently, in connection with these priority claims and the Debtor's request to use cash collateral, the Court entered an Interim Order Granting in Part the Debtor's Motion for Authority to Use Cash Collateral that allowed the Debtor to pay the pre-petition wages, salaries, taxes, deductions and withholdings.

13. The "fundamental purpose of reorganization is to prevent the debtor from going into liquidation, with an attendant loss of jobs." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984). Payment of the amounts requested in this Motion pursuant to the "necessity of payment" doctrine is in the interests of all parities because such payment will facilitate the continued operation of the Debtor's business. See *Lehigh*, 657 F.2d at 581. The relief requested in this

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

4

Motion will allow the Debtor to continue to operate with minimal disruption and enable the Debtor to continue its business. In *CEI Roofing*, the Court recognized the importance of permitting a debtor to pay prepetition wages. In support of its order authorizing such payment, this Court stated:

> [T]here has evolved a rule for the payment of pre-petition wages and benefits which is based on both common sense and the express provisions of the Bankruptcy Code. If employees are not paid, they will leave. If they leave the Debtor's business, the bankruptcy case fails shortly after the filing. No one will benefit from the process. The Code gives employees a statutory priority that elevates the claims above the general unsecured claims, and, in fact, most claims in the bankruptcy case.
>
> . . .
>
> The treatment and payment of such claims before confirmation does no violence to the Code or existing case law in this circuit. In fact, such orders are usually "necessary" and "appropriate" to implement a debtor's reorganization under Chapter 11.

*In re CEI Roofing*, 315 B.R. at 61.

14. The Debtor has or will have sufficient cash to pay all compensation and related employment expenses referenced in this Motion. Thus, in order to maintain the continuity of its business and to preserve the morale of its labor force, it is essential that the Debtor be permitted to pay to its employees the compensation which has accrued but remains unpaid as set forth herein. The Debtor seeks the relief requested in this Motion because any delay or disruption in the provision of employee benefits or payment of compensation (including the payment of Pre-petition Wages, Deductions or Benefits) will destroy the Debtor's relationship with the employees and irreparably impair workforce morale at the very time when the dedication,

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

5

confidence and cooperation of the employee is most critical.

15. In addition, bolstering the Employees' morale will assist the Debtor in maintaining a "business as usual" atmosphere and, in turn, facilitate the Debtor's ability to collect its receivables.

16. Because the amounts represented by Pre-Petition Wages are needed to enable the Employees to meet their own personal obligations, absent the relief requested herein, the Employees will suffer undue hardship and, in this instance, serious financial difficulty.

## V. REQUEST FOR AUTHORITY FOR BANKS TO HONOR AND PAY CHECKS ISSUED TO PAY PRE-PETITIONWAGES, DEDUCTIONS, WITHHOLDINGS, AND BENEFITS

17. The Debtor further requests that all applicable banks and other financial institutions be authorized and directed, when requested by the Debtor, in the Debtor's sole discretion, to receive, process, honor and pay any and all checks drawn on the Debtor's accounts for payment of Pre-petition Wages whether such checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

18. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease, pursuant to Section 365 of the Bankruptcy Code.

## VI. SERVICE OF MOTION

19. No Chapter 11 Trustee or creditors' committee has been appointed in this case. Notice of this Motion has been provided to the Office of the United States Trustee, the Debtor, creditors on the attached mailing matrix and creditors that have entered a notice of appearance via electronic means, facsimile or United States First Class Mail, which the Debtor submits is

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

6

sufficient notice under the circumstances and that no further notice is necessary for interim relief.

## VII. RELIEF REQUESTED

For these reasons, the Debtor respectfully requests the Court (a) enter an order authorizing (i) the Debtor to pay pre-petition wages, salaries, taxes, deductions and withholdings (ii) banks to honor and pay checks issued to pay pre-petition wages and salaries (b) granting such other and further relief as the Court may deem proper.

Dated: May 28, 2021                Respectfully submitted,

*/s/ Areya Holder Aurzada*
Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

PROPOSED COUNSEL FOR GOLF TAILOR, LLC

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on May 28, 2021, upon the attach mailing matrix via United States first class mail, postage prepaid except for the parties listed below which received electronic notice.

/s/ *Areya Holder Aurzada*
Areya Holder Aurzada

PARTIES RECEIVING ELECTRONIC NOTICE:

Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, Texas 75242-1496

Motion of Debtor for an Order Authorizing (I) the Debtor to Pay Pre- Petition Wages, Salaries, Deductions, Taxes and Withholdings and (II) Banks to Honor and Pay Checks Issued to Pay Pre-Petition Wages, Salaries, Deductions, Taxes and Withholdings

8