

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed June 1, 2021**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GOLF TAILOR, LLC | § § | CASE NO. 21-30995-MVL |
| Debtor | § § § | Chapter 11 |

### INTERIM ORDER GRANTING MOTION FOR
### AUTHORITY TO USE CASH COLLATERAL

CAME ON FOR CONSIDERATION the Motion for Authority to Use Cash Collateral pursuant to Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) (the "Motion") filed by Golf Tailor, LLC ("Debtor") on May 28, 2021 pursuant to Bankruptcy Code § 363(c) and to provide adequate protection pursuant to Bankruptcy Code §§ 361, 363(e) and 364(d) to Clear Finance Technology Corporation ("CFTC") and American Express Bank FSB ("AMEX"). After hearing argument from counsel, the Court finds good and sufficient cause exists to grant the relief requested. It is therefore,

ORDERED, ADJUDGED, AND DECREED that the Motion is granted, subject to the terms and conditions set forth in this Order.

1. <u>Authorization</u>. The Debtor is hereby authorized and empowered to use the cash collateral of CFTC and AMEX (to the extent that either entity has a lien on cash collateral) to perform its obligations pursuant to the provisions of this Order.

2. <u>Use of Cash Collateral</u>. The Debtor is hereby authorized to use the cash collateral to pay its reasonable and necessary operating expenses, including, but not limited to, utilities, pre-petition and post-petition wages, salaries, withholdings and deductions, supplies, fees to the United States Trustee, job operating costs, taxes, and insurance as more particularly set forth in Exhibit A attached to the Motion for Authority to Use Cash Collateral ("Cash Collateral Motion"). However, pre-petition claims including pre-petition wage claims may not be paid unless and until a separate order is entered authorizing the payment of those claims.

3. <u>Adequate Protection and Replacement Liens</u>. The offer of adequate protection and replacement liens are as follows:

   a) The cash will be used to continue the operations of the Debtor's business, pay salaries and to maintain insurance on the Debtor's property. A copy of Debtor's proposed two weeks and 30-day budget is attached to the Debtor's Cash Collateral Motion;

   b) The Debtor will file its monthly operating reports with the Bankruptcy Court on a timely basis, thus providing monthly financial statements to CFTC and AMEX by and through the Bankruptcy Court's electronic noticing process;

   c) The use of Cash Collateral may be terminated by the Court on motion, after notice and a hearing, if the Court determines that CFTC and AMEX are no longer adequately protected.

   d) CFTC and AMEX are hereby granted replacement lien(s) and security interest(s) (the "Replacement Liens") in the Debtor's cash and receipts (the "Replacement Collateral") but only to the same extent, validity and priority that the lien(s) and security interests existed prior to the bankruptcy filing. The Replacement Lien(s) are subordinate to any prior existing, validly perfected and non-avoidable lien and security

interest that existed on the Filing Date.  The Replacement Lien shall not cover causes of action governed by Chapter 5 of the Bankruptcy Code.  Additionally, nothing herein constitutes an admission or an order with respect to the validity, priority and/or extent of the lien(s) purportedly held by CFTC and AMEX.

4. <u>Modification of Automatic Stay</u>.  The Automatic Stay is hereby modified to the extent necessary to permit all acts, actions, and transfers contemplated herein.

5. <u>Controlling Effect of Order</u>.  To the extent any provisions of this Order conflict with any provisions of the Motion, the provisions of this Order shall control.

<u>Final Hearing</u>.  A Final Hearing on the use of cash collateral will be held on **June 15, 2021 at 2:00 p.m.** before the Honorable Michelle V. Larson via Webex link below:

https://us-courts.webex.com/meet/larson.

Parties unfamiliar with Webex are requested to review the Webex Instructions for Judge Larson located at:

https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-larson-hearing-dates.

6. Upon entry of this Order, Debtor's counsel shall immediately serve notice of the Cash Collateral Motion and Order to CFTC and AMEX and all creditors on Debtor's mailing matrix and all parties that have entered a Notice of Appearance.

7. The Debtor's use of cash collateral shall terminate the day after the Final Hearing unless extended by the Court at the Final Hearing.

8. Any objections to the Debtor's continued use of cash collateral shall be filed three (3) days prior to the Final Hearing.

### # # END OF ORDER # # #

**Order Prepared by:**

Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320

Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com