Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

COUNSEL FOR GOLF TAILOR, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GOLF TAILOR, LLC | § | CASE NO. 21-30995-MVL |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

## DEBTOR'S PLAN OF REORGANIZATION

Golf Tailor, LLC ("Debtor") proposes the following Plan of Reorganization (the "Plan").

## ARTICLE I

## SUMMARY OF THE PLAN

1.1     Overview of the Plan.  The Plan provides for a reorganization of all liabilities owed by the Debtor as described herein.

1.2     Payments to Creditors.  The Plan provides for creditors to be paid as provided in Articles IV and V from the cash flow generated by the income derived from Debtor's business operations as well as a $25,000.00 capital injection in the form of new value from Debtor's largest equity interest holders Tim Oyler and Michael Rhine.  The repayment term to creditors includes monthly payments to creditors over a five-year period.

## ARTICLE II

## DEFINITIONS

As used in this Plan, the following terms shall have their respective meanings set forth below and, unless the context otherwise required, shall be equally applicable to the singular and plural forms of the terms defined.  Unless otherwise defined herein, the terms used in this Plan shall have the same meaning ascribed thereto in the Bankruptcy Code and the Bankruptcy Rules.

2.1     Allowed: Shall mean with respect to a Claim, except for a Claim which is an

Allowed Administrative Expense Claim, a Claim allowable under Section 502 of the Code, Scheduled by a Debtor in its respective Schedules as <u>not</u> disputed, contingent or unliquidated in a specific dollar amount or a Claim proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (a) as to which no objection has been filed with the Bankruptcy Court by the Objection Deadline, unless such Claim is to be determined in a forum other than the Bankruptcy Court, in which case such Claim shall not become Allowed until determined by Final Order of such other forum and Allowed by Final Order of the Bankruptcy Court, or (b) as to which an objection was filed by the Objection Deadline, and then only to the extent allowed by Final Order of the Bankruptcy Court. Unless otherwise specified in this Plan, an Allowed Claim shall not include any amount of punitive damages, penalties, or any amount of interest which may have accrued from and after the Petition Date on any such Claim. Nothing contained herein shall in any way limit the right of the Debtor to request the Bankruptcy Court to designate, pursuant to § 1126(e) of the Code, any Claimant as an entity whose acceptance or rejection of the Plan was not in good faith or is not solicited or procured in good faith or in accordance with the provisions of Chapter 11 of the Code. With respect to an Allowed Administrative Expense Claim, Allowed shall refer solely to Final Orders of the Bankruptcy Court following proper application for approval of payment thereof in accordance with the Code and the Bankruptcy Rules.

2.2 <u>Allowed Administrative Claim</u>: Shall mean an allowed Claim arising from costs or expenses of administration of the Debtor's Estate allowed under Section 503(b) of the Bankruptcy Code, including, without limitation: any actual and necessary expenses of preserving the Debtor's Estate; any actual and necessary expenses of operating a Debtor's business from and after the Petition Date to and including the Confirmation Date; all allowance of compensation or reimbursement of expenses to the extent approved by the Bankruptcy Court under Section 330 of the Bankruptcy Code; and any fees or charges assessed against a Debtor's Estate under Chapter 123, Title 28, United States Code.

2.3 <u>Allowed Claim</u>: Shall mean any Claim in the amount and in the priority classification set forth in any proof of such Claim that has been timely filed in this case, or in the absence of such proof, as set forth in a Debtor's Schedules of Liabilities, as amended, filed in the Case, unless: (i) such Claim has been listed in such Schedule as disputed, contingent, or unliquidated, in which case such Claim shall be allowed only if a proof of such Claim has been timely filed; (ii) such Claim has been objected to or is objected to after entry of the Confirmation Order, in which case such Claim shall be allowed only in such amount and such classification as is authorized by a Final Order of the Bankruptcy Court; or (iii) such Claim has been paid in full, withdrawn or otherwise deemed satisfied in full. An Allowed Claim shall not include un-matured interest accruing after the Petition Date unless Otherwise stated in the Plan.

2.4 <u>Bankruptcy Code</u>: Shall mean Title 11 of the United States Code.

2.5 <u>Business Day</u>: Any day on which banks are open to carry on their ordinary commercial banking business in Dallas, Texas.

2.6 <u>Cash</u>: Cash, cash equivalents and other readily marketable securities or instruments, including, without limitation, direct obligations of the United States of America, certificates of deposits issued by banks and commercial paper of any entity, including interest

earned or accrued thereon, but specifically excluding any collateral consisting of funds in deposit or escrow accounts securing a Secured Claim.

2.7     Causes of Action:  All accounts, contract rights, general intangibles and all rights, claims and causes of action of any kind, whether legal or equitable, of the Debtor, for affirmative recovery of Cash or other property of the Estates (whether such Causes are the subject of presently pending lawsuits, adversary proceedings or appeals or otherwise) existing before the Effective Date, including such that have accrued or may thereafter accrue relating to those matters that have occurred on or prior to the Effective Date.

2.8     Chapter 11 Case:  The Chapter 11 case of Golf Tailor, LLC, Case No. 21-30995-MVL-11.

2.9     Claim:  Any right against the Debtor to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (b) an equitable remedy for a breach of performance if the breach would give rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.10    Collateral:  Property in which the Debtor has an interest that secures, in whole or in part, payment of an Allowed Claim.

2.11    Confirmation:  Confirmation means the entry of an Order of the Bankruptcy Court confirming this Plan.

2.12    Confirmation Date:  The date of entry of the Confirmation Order in accordance with the provisions of the Bankruptcy Code, provided, however, that if the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the date of entry of the Final Order vacating such stay or the date on which such stay expires or is no longer effect.

2.13    Confirmation Hearing:  The date set by the Court to consider confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code.

2.14    Confirmation Order:  Order of the Court confirming the Plan and approving the transactions contemplated herein.

2.15    Court:  The United States Bankruptcy Court for the Northern District of Texas or such other Court as may have jurisdiction of the Chapter 11 Case.

2.16    Creditor:  Any entity that is the holder of a claim or an interest, including but not limited to: (a) a claim that arose on or before the Petition Date, (b) an interest that arose on or before the Record Date, (c) a claim against the Debtor's Estate of any kind specified in § 502(g), § 502(h), or § 502(i) of the Bankruptcy Code or (d) an Administrative Claim.

2.17    Debtor: Shall mean Golf Tailor, LLC.

2.18    Disclosure Statement:  The written Disclosure Statement in respect to this Plan approved by the Court pursuant to § 1125 of the Bankruptcy Code.

2.19    Disputed Claim:  Any claim or interest to which an objection has been interposed in accordance with the Bankruptcy Code, Bankruptcy Rules, this Plan or orders of the Court.

2.20    Effective Date:  The date not more than thirty days (30) days after the entry of the Confirmation Order.

2.21    Estate:  The Estate created in the Chapter 11 Case for the Debtor by Bankruptcy Code § 541.

2.22    Fee Application:  An application of a Professional Person under §§ 330, 331 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Chapter 11 case.

2.23    Final Distribution:  Final distribution under the Plan to be applied to the payment of the Allowed Claims.

2.24    Final Order:  An order or a judgment which has not been reversed, stayed, modified or amended and as to which (i) the time to appeal or seek review, reargument or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending or (ii) its appeal, review, reargument, rehearing or certiorari has been denied and a time to seek a further appeal, review, reargument, rehearing or certiorari has expired as a result of which such order shall have become final and nonappealable in accordance with applicable law.

2.25    Holder or Claimholder:  Any entity that is the holder of a claim, including but not limited to (a) a claim that arose on or before the Petition Date, (b) a claim against the Debtor' Estate of any kind specified in § 502(g), § 502(h) or § 502(i) of the Bankruptcy Code or (c) an Administrative Claim.

2.26    Impaired:  When used with respect to any claim, interest or class, it has the same meaning as that contained in § 1124 of the Bankruptcy Code.

2.27    Plan:  The Plan proposed by the Debtor, either in its present form or as it may be amended or modified.

2.28    Order:  An order or judgment of the Bankruptcy Court as entered on the docket.

2.29    Petition Date:  May 28, 2021.

2.30    Priority Claims:  Allowed Claim entitled to a priority under, inter alia, Bankruptcy Code §507(a).

2.31    Pro Rata:  Means proportionately so that the ratio of the amount of consideration distributed on account of a particular Allowed Claim or Allowed Interest to the amount of the

Allowed Claim or Allowed Interest is the same as the ratio of the amount of consideration distributed on account of All Allowed Claims and Allowed Interests of the class in which the particular Allowed Claim or Allowed Interest is included in the amount of All Allowed Claims and Allowed Interests of that Class.

2.32    Professional Person:  Any entity retained or to be compensated pursuant to §§ 326, 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code.

2.33    Reorganized Debtor:  Golf Tailor, LLC as emerged from bankruptcy.

2.34    SEC:  Securities and Exchange Commission.

2.35    Secured Claim: A claim of a creditor arising on or before the Petition Date to the extent (a) secured by a lien on Collateral which is not void or avoidable under applicable state and federal law, including the Bankruptcy Code or (b) subject to set off under § 553 of the Bankruptcy Code, in each case to the extent of the value of said creditor's interest in the Debtor's interests in the property or the amount of the set off, as applicable; provided, however, that nothing herein shall prohibit a secured creditor from making the election provided in § 1111 (b) (2) of the Bankruptcy Code.

2.36    Secured Creditor:  Any Creditor that is the holder of a Secured Claim.

2.37    Substantial Consummation:  The Plan shall be substantially consummated after the first payment has been made and after administrative expenses and claims objections are heard.  Upon substantial consummation, the Reorganized Debtor shall file an Application for Final Decree.

2.38    Tax Claim:  Any claim that is entitled to priority in payment under § 507(a)(7) of the Bankruptcy Code.  However, some tax claims may be determined to be an Administrative Expense Claim.

2.39    Undetermined Claim:  A claim that is (a) a Disputed Claim; (b) a claim arising through rejection of executory contracts or unexpired leases pursuant to this Plan; (c) an undetermined administrative claim in respect of an application of a professional person; or (d) a claim that is unliquidated or contingent.

2.40    Unsecured Claim:  Any claim against the Debtor whatsoever, other than 1) a Secured Claim, or 2) a Claim that is not entitled to priority pursuant to the Bankruptcy Code.

## ARTICLE III

## DESIGNATION OF CLASSES OF CLAIMS

3.1    Designation of Classes of Claims: The following is a designation of the Classes of Claims under this Plan. A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and is classified in a different Class to the extent that any remainder of the Claim qualifies within the description of such different Class. A

Claim is in a particular Class only to the extent that the Claim an Allowed Claim in that Class and has not been paid, released or otherwise satisfied before the Effective Date.

A.   *Priority Claims:*

Class 1:  All Allowed Administrative Claims.

B.   *Secured Claims:*

Class 2:  All Allowed Secured Claims of American Express (Impaired).

Class 3:  All Allowed Secured Claims of Clear Finance Technology Corporation/CT Corporation Systems (Impaired).

Class 4:  All Allowed Secured Claims of Corporate Disk Company (Impaired).

C.   *Unsecured Claims:*

Class 5:  All Allowed Unsecured Claims (Impaired).

D.   *Equity Interest Holders:*

Class 6:  All Allowed Equity Interest Holders (Unimpaired).

## ARTICLE IV

## PAYMENT OF ADMINISTRATIVE CLAIMS AND EXPENSES

4.1   <u>Administrative Claims</u>: (Class 1) – Administrative Claims, other than administrative claims filed by governmental units, shall be paid, to the extent allowed by the Court, in full in cash on or before the later of (a) ten (10) days following the Effective Date or (b) ten (10) days following the date on which the Administrative Claims are Allowed by a Final Order of the Bankruptcy Court.  For purposes of payment of administrative claims and expenses, any administrative claimant desiring to be paid under the Plan must file an application for allowance of an Administrative Claim on or before thirty (30) days after the entry of an Order confirming the Plan except for Professional Fee Claims and as otherwise provided under 11 U.S.C. §503(b)(1)(D).  In addition, all quarterly fees to the United States Trustee will be paid until such time that the Debtor's case is closed, converted or dismissed.  However, this provision shall not apply to ad valorem 2021 tax claims.

4.2   <u>Professional Fee Claims</u>.  Each Professional employed pursuant to Section 330 of the Code shall file their final Fee Application with the Court within sixty (60) days after the Effective Date, unless the Court orders otherwise.  Service of a final Fee Application or notice related to a final Fee Application shall be promptly made to the Reorganized Debtor and parties requesting notice in this case. Objections to any Professional Fee Claims by any party in interest shall be filed and served not later than twenty (20) days after filing and service of a Final Fee Application or service of a notice related to a Final Fee Application.  Debtor estimates the

outstanding professional fees will be approximately $25,000.00.

## ARTICLE V

## TREATMENT OF CLASSES OF SECURED AND UNSECURED CLAIMS AND INTERESTS

5.1    <u>All Allowed Secured Claims of American Express</u>: (Class 2) – Class 2 Claim(s) shall be treated as secured claim(s) up to the allowed amount of such claim(s). Debtor estimates the allowed secured claim of American Express at zero.  Upon information and belief, American Express does not have a lien or security interest in any of the Debtor's assets, and American Express is not a judgment creditor of the Debtor.  In the event American Express is determined to hold an allowed unsecured claim, American Express will be treated and paid in accordance with other unsecured creditors as set forth in Class 5.  Upon Confirmation, American Express shall promptly release its UCC filing against the Debtor.

The Class 2 Claims are impaired.

5.2    <u>All Allowed Secured Claims of Clear Finance Technology Corporation/CT Corporation Systems ("CFT")</u>: (Class 3) – Class 3 Claim(s) shall be treated as secured claim(s) up to the allowed amount of such claim(s).  The estimated Class 3 Claim is $198,706.80 based upon the value of the Debtor's accounts receivable at the time of Debtor's bankruptcy filing. The allowed Class 3 claim will be paid over a sixty (60) month period commencing within 30 days after the Effective Date of the confirmed Plan with interest at a rate of three and a quarter percent per annum (3.25%). The monthly payment to CFT will be approximately $3,592.62 per month.

All remaining amounts due and owing to CFT will be treated and paid in accordance with general unsecured creditors as set forth in Class 5 below.

Upon payment of the Class 3 allowed claim, CFT shall promptly release its UCC filing against the Debtor.

The Class 3 Claims are impaired.

5.3    <u>All Allowed Secured Claims of Corporate Disk Company</u>: (Class 4) – Class 4 Claim(s) shall be treated as secured claim(s) up to the allowed amount of such claim(s).  The estimated Class 4 Claim is $175,000.00 based upon the value of the inventory in the possession of Corporate Disk Company at the time of Debtor's bankruptcy filing.  The allowed Class 4 claim will be paid over a sixty (60) month period commencing within 30 days after the Effective Date of the confirmed Plan with interest at a rate of three and a quarter percent per annum (3.25%). The monthly payment to Corporate Disk Company will be approximately $3,164.00 per month.

All remaining amounts due and owing to Corporate Disk shall be treated and paid in accordance with general unsecured creditors as set forth in Class 5 below.

The Class 4 Claims are impaired.

5.4    All Allowed Unsecured Claims: (Class 5) – A Class 5 Claimant holding an Allowed Unsecured Claim shall be paid a pro rata share of $800,000.00 over sixty (60) months from the Effective date of the confirmed Plan.  Debtor shall begin making payments in monthly installments on the Class 5 Claims thirty (30) days after the Effective date of the confirmed Plan.  To the extent a claim is not allowed until a date after the commencement of the sixty (60) month payment period, payments on such allowed claim will commence and be due and payable on the first day of the month following the date of the order allowing such claim, and the first day of each month remaining in the sixty (60) month payment period in an amount sufficient to pay the allowed unsecured claim its pro rata share as set forth herein.  The first payment to Class 5 Claimants will be the claimant's pro rata share of the monthly payment of $13,333.33 designated for allowed unsecured claims.  Monthly payments on allowed unsecured claims will continue each month for sixty (60) months, and allowed unsecured claimants will continue to receive their pro rata portion of the $13,333.33 monthly payment for sixty (60) months.

At the time of the filing of Debtor's Plan, Debtor's bankruptcy schedules reflected a total of $12,778,811.24 in general unsecured claims. Debtor estimates the dividend to unsecured creditors to be approximately 6.25% of each creditor's allowed unsecured claim.

The Class 5 claims are impaired.

5.5    Equity Interest Holders: (Class 6) - The pre-petition interests in this Debtor shall be cancelled.  The Debtor shall issue a new equivalent unit of ownership in the Reorganized Debtor to the current members of the Debtor in the same amount and percentage as each member previously owned prior to the bankruptcy filing.  In exchange for the issuance of the new equivalent unit of ownership, Tim Oyler and Michael Rhine will contribute a combined total of $25,000.00 in new value to the Reorganized Debtor. Mr. Oyler and Mr. Rhine currently own an 80% equity interest in the Debtor (40% and 40% respectively) and will own an 80% equity interest in the Reorganized Debtor (40% and 40% respectively) unless a bid is placed in excess of the $25,000.00 new value offer set forth herein.

The Class 6 Claims are impaired.

5.5    Payments to the United States Trustee:  The Reorganized Debtor shall pay all quarterly fees of the United States Trustee until the Case is closed.

## ARTICLE VI

## ACCEPTANCE OR REJECTION OF PLAN

6.1. Classes Entitled to Vote. Each impaired Class of Claims or Interests shall be entitled to vote separately to accept or reject the Plan. Any unimpaired Class is deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

6.2. Class Acceptance Requirement. A Class of Claims shall have accepted the Plan if it

is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims in such Class that has voted on the Plan. However, if a creditor does not submit a vote for or against the Plan, that creditor is deemed to have accepted and voted for the Plan under 11 U.S.C. §1129.

6.3. <u>Cramdown</u>. This section shall constitute the request by the Debtor as proponent of the Plan, pursuant to section 1129(b), that the Bankruptcy Court confirm the Plan notwithstanding the fact that the requirements of section 1129(a)(8) may not have been met.

In the event Debtor resorts to a cramdown and the absolute priority rule is implicated, an auction will be held for the equity interest in the Reorganized Debtor on the day of the Confirmation hearing. In order to participate in the auction, the following bidding procedures shall apply:

(a)     An initial bid of $25,000.00 has been placed by Tim Oyler and Michael Rhine for the equity in the Reorganized Debtor.

(b)     Any bid that proposes to purchase the equity in the Debtor must be in excess of $25,000.00 cash and must be tendered to the Debtor in certified funds at the Confirmation hearing.

(c)     Any interested bidder must submit a bid in writing on or before 5:00 p.m. seven (7) business days prior to the Confirmation hearing along with proof of funding. Said written submissions must be received on or before the deadline and sent to HOLDER LAW, 901 Main Street, Suite 5320, Dallas, Texas 75202, Telephone: 972-438-8800, Attn: Areya Holder Aurzada, areya@holderlawpc.com.

(d)     Debtor's Plan anticipates the continuation of Tim Oyler as President of the Debtor along with Michael Rhine as the Chief Marketing Officer. In the event another bidder prevails at auction, Mr. Oyler and Mr. Rhine will likely discontinue their employment with the Debtor. All interested bidders must state in their bid how they will replace Mr. Oyler and Mr. Rhine, and the anticipated costs to the Debtor of replacing Mr. Oyler and Mr. Rhine with another President and CMO with the appropriate qualifications.

## ARTICLE VII

## MEANS OF IMPLEMENTING THE PLAN

7.1     <u>Operation of Business:</u>  Debtor shall continue to operate its online business. Debtor shall dedicate sufficient revenues to fund all the obligations contained herein.

7.2     <u>Reorganized Debtor:</u>  Upon the Effective Date of the Plan, the Reorganized Debtor shall be the survivor of the Debtor.

7.3     <u>Documents:</u>  All necessary documents for the implementation of this Plan, shall be executed by all necessary parties in interest on the Effective Date. To the extent that the parties in interest herein are unable to agree on the form or substance of such documents, such

unresolved issues shall be submitted to the Court for determination. Upon the Effective Date, or as soon as practicable thereafter the Court shall have resolved said issues, and all such documents shall be binding on the Debtor, the creditors, and all other parties hereto.

7.4    Reservation of Rights Under 1129(b): Debtor reserves the right, pursuant to section 1129(b) of the Bankruptcy Code, to request the Court to confirm this Plan if all of the applicable requirements of section 1129(a) of the Bankruptcy Code have been met other than those of section 1129(a)(8).

## ARTICLE VIII

## PROVISIONS FOR THE REJECTION OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.1    General Assumption of Executory Contracts: All executory contracts and unexpired leases of the Debtor (including, but not limited to, those listed on the Debtor's Schedules) which are not expressly rejected on or before 90 days after the Confirmation Date or not otherwise specifically treated in this Plan or in the Confirmation Order shall be deemed to have been assumed on the Confirmation Date. The Court shall retain jurisdiction to effectuate any post-confirmation assumption and assignment of leases, and such assumption and assignments shall be performed pursuant to section 365 of the Code. Each pre-petition executory contract and unexpired lease will be assumed only to the extent that any such contract or lease constitutes an executory contract or unexpired lease. Listing a contract or lease as an executory contract or unexpired lease will not constitute an admission by the Debtor, or the Debtor in Possession that such contract or lease is an executory contract or unexpired lease or that any Debtor, or the Debtor in Possession has any liability thereunder. The Confirmation Order shall constitute an order of the Bankruptcy Court approving assumption under section 365 of the Bankruptcy Code as of the Effective Date. The Reorganized Debtor shall continue to have all rights of assignment contained in 11 U.S.C. §365 of any executory contract or unexpired lease following confirmation of this Plan.

*The following contracts are expressly assumed by the Debtor:*

**Assume:**

*\* Office Lease with Citizens Bank of Edmond* - Debtor will assume this lease for office space. Debtor is current under this lease agreement. The monthly lease payment is $1,632.00.

*\* Storage Lease with Extra Space Storage* - Debtor will assume this lease for storage space. Debtor is current under this lease agreement. The monthly payment is $132.00.

*\* License Agreement with Santa Fe Holdings* – Debtor will assume this executory contract for the use of customer information.

*The following contracts are expressly assumed by the Debtor:*

**Reject:**
None.

8.2     Cure of Defaults:  The Reorganized Debtor shall cure all defaults existing under any assumed Executory Contract pursuant to the provisions of sections 1123(a)(5)(G) and 365 (b) of the Code, by paying the amount, if any, claimed by any party to such Executory Contract as set forth in a proof of claim, which shall be filed with the Court within fifteen (15) days after the Confirmation Date and shall be titled "Assumption Cure Proof of Claim". Alternatively, the Reorganized Debtor may pay such amount as may be agreed upon between the Reorganized Debtor and any party to such Executory Contract. Payment of any amount claimed in an Assumption Cure Proof of Claim or otherwise agreed to shall be in full satisfaction, discharge and cure of all such defaults (including any other Claims filed by any such party as a result of such defaults), provided, however, that if, the Reorganized Debtor files, within sixty (60) days of the filing of an Assumption Proof of Claim an objection in writing to the amount set forth, the Court shall determine the amount actually due and owing in respect of the defaults or shall approve the settlement of any such Claims. Payment of such Claims shall be made by the Reorganized Debtor on the later of: (1) ten (10) Business Days after the expiration of the sixty day period for filing an objection in respect of any Assumption Cure Proof of Claim filed pursuant to this section; or (ii) when a timely objection is filed, ten (10) Business Days after an order of the Court allowing such Claim becomes a Final Order.

8.3     Claims for Damages:  Any claims based upon rejection of an executory contract or unexpired lease under the Plan must be filed with the Bankruptcy Court and served on the Reorganized Debtor such that they are actually received within thirty (30) days of the entry of an order rejecting such contract or lease. Objections to any such proof of claim shall be filed not later than thirty (30) days after receipt of such claim. The Court shall determine any such objections, unless they are otherwise resolved. All Allowed Claims for rejection damages shall be treated as Class 7 Claims. Any claim not filed within such time will be forever barred from assertion against the Debtor or its Estate.

8.4     Reservation of Rights:  The Debtor reserves the right to file applications for the assumption or rejection of any executory contract or unexpired lease at any time prior to 90 days after the Confirmation Date.

8.5     Proofs of Claims:  Each entity that is a party to an executory contract or unexpired lease rejected at Confirmation, and only such entity, shall be entitled to file, not later than thirty (30) days after the Confirmation Date or such later date specified by the Court in the Confirmation Order or in an Order approving such rejection, a proof of claim for damages alleged to have arisen from the rejection of the contract or lease to which such entity is a party.

## ARTICLE IX

## MODIFICATION OF THE PLAN

9.1     Amendments Prior to Confirmation Date:  Debtor may modify the Plan prior to Confirmation, and the Plan, as amended shall become the new Plan of Reorganization.

9.2     Amendments After Confirmation Date:  Debtor may modify the Plan before its substantial consummation, provided that the Plan, as modified, meets the requirements of the

Bankruptcy Code, and the Court, after notice and hearing, confirms this Plan, as modified.

9.3     <u>Effect on Claims</u>:  A Holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, this Plan, as modified, unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

**ARTICLE X**

**<u>RETENTION OF JURISDICTION</u>**

10.1     <u>Purposes</u>:  Notwithstanding entry of the Confirmation Order, this Court shall retain jurisdiction over the Chapter 11 case for the following purposes:

      i.      to determine any and all objections to the allowance of Claims or Interests, both before and after the Confirmation Date, including any objections to the classification of any claim or interest;

      ii.     to determine any and all applications for fees and expenses authorized to be paid or reimbursed in accordance with section 503(b) of the Bankruptcy Code or this Plan;

      iii.    to determine any and all pending applications for the assumption or rejection of executory contracts or for the rejection or assumption and assignment, as the case may be, of unexpired leases to which any Debtor is a party or with respect to which it may be liable; to hear and determine any actions to void or terminate unexpired contracts or leases; and to hear and determine and, if need be, to liquidate any and all claims arising therefrom;

      iv.    to hear and determine any and all actions initiated by the Reorganized Debtor, whether by motion, complaint or otherwise;

      v.     to determine any and all applications, motions, adversary proceedings and contested matters pending before the Court on the Confirmation Date or filed or instituted after the Confirmation Date;

      vi.    to modify this Plan, the Disclosure Statement or any document created in connection with this Plan or remedy any defect or omission or reconcile any inconsistency in any Order of the Court, this Plan, the Disclosure Statement or any document created in connection with this Plan, in such manner as may be necessary to carry out the purposes and effects of this Plan to the extent authorized by the Bankruptcy Code;

      vii.   to ensure that the distribution is accomplished in accordance with the provisions of this Plan;

     viii.    to allow, disallow, determine, liquidate or estimate any claim or interest and to enter or enforce any order requiring the filing of any such claim or interest before a particular date;

     ix.    to enter such orders as may be necessary to interpret, enforce, administer, consummate, implement and effectuate the operative provisions of this Plan and all documents and agreements provided for herein or therein or executed pursuant hereto or thereto including, without limitation, entering appropriate orders to protect the Debtor from creditor actions;

     x.    to hear any other matter not inconsistent with Chapter 11 of the Bankruptcy Code;

     xi.    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked or vacated;

     xii.    to determine such other matters as may arise in connection with this Plan, the Disclosure Statement or the Confirmation Order;

     xiii.    to authorize the sale of any Assets as provided by this Plan;

     xiv.    to enforce all orders, judgments, injunctions, and rulings entered in connection with the Cases;

     xv.    to determine all issues relating to the Claims of the IRS, and other taxing authorities, state or federal;

     xvi.    to determine any avoidance actions brought pursuant to the provisions of the Bankruptcy Code;

     xvii.    to enter a Final Order and final decree closing the Chapter 11 case.

10.2   <u>Exclusive Jurisdiction</u>:  The Court shall have exclusive jurisdiction to resolve all controversies, suits and disputes that may arise in connection with the interpretation, enforcement, consummation, implementation or administration of this Plan or the Disclosure Statement and all entities shall be enjoined from commencing any legal or equitable action or proceeding with respect to such matters in any other court or administrative or regulatory body.

10.3   <u>Retained Jurisdiction for taxes - Enforcement Remedies:</u>  Notwithstanding anything in this plan to the contrary, the Bankruptcy Court shall not retain jurisdiction with respect to any such tax claims except for (i) resolving the amount of any such tax claim arising prior to confirmation, and (ii) enforcing the discharge provision of the Plan.  A failure by the reorganized Debtor to make a payment to the Texas Comptroller of Public Accounts pursuant to the terms of the Plan shall be an Event of Default under this paragraph.  If the reorganized Debtor fails to cure an Event of Default as to such payment within ten (10) days after receipt of written notice of default from the Texas Comptroller of Public Accounts, then the Texas Comptroller of Public Accounts may (a) enforce the entire amount of its claim; (b) exercise any

and all rights and remedies the Texas Comptroller of Public Accounts may have under applicable state law; and (c) seek such relief as may be appropriate in the Court.

10.4    <u>Abstention</u>:  If the Court abstains from exercising jurisdiction or is otherwise without jurisdiction over any matter arising out of the Chapter 11 case, including the matters set forth in this Article XI, this Article XI shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## ARTICLE XI

## <u>CAUSES OF ACTION</u>

11.1    <u>Retention of Causes of Action</u>:  All Claims and causes of action owned by the Debtor, causes of action that could have been brought by a Creditor on behalf of the Debtor, and all causes of action created by the Bankruptcy Code, shall be pursued by the Reorganized Debtor for the benefit of the Creditors, as provided herein.  The Reorganized Debtor shall have the exclusive right to settle or compromise all such causes of action subject to Court approval.

## ARTICLE XII

## <u>RESOLUTION OF UNDETERMINED CLAIMS</u>

12.1    <u>Procedure</u>:  Within thirty (30) days from the Effective Date, unless such date is extended by Order of the Court after notice and hearing, the Reorganized Debtor may file with the Court objections to Claims and Interests and shall serve a copy of each such objection upon the Holder of the Claim or Interest to which such objection pertains.  Unless otherwise ordered by the Court, the Reorganized Debtor shall litigate to judgment, settle or withdraw objections to contested claims.

12.2    <u>Allowance of Claims</u>:  At the time, and to the extent that an Undetermined Claim becomes an Allowed Claim, such Allowed Claim shall be entitled to such distributions as provided under the Plan.  Such distributions shall be made in the manner provided for by this Plan and the terms of any Final Order of the Court with respect to such Allowed Claim.  In the event that the Debtor makes any distributions to creditors at any time prior to a determination of allowance of an Undetermined Claim, the Debtor shall reserve for such Undetermined Claim in the amount of the lessor of 1) any Proof of Claim filed by such a claimant; or 2) an amount set by the Court for such a reserve, after notice to such claimant and a hearing.

12.3    <u>Rights of Creditors</u>:  Unless and until an Undetermined Claim becomes an Allowed Claim, no creditor holding such a claim shall have any claim against the distribution held or reserved by the Reorganized Debtor with respect to such claim.

## ARTICLE XIII

## <u>GENERAL PROVISIONS</u>

13.1 <u>Certain Rights Unaffected</u>: Except as otherwise provided herein, any rights or obligations which the Debtor' creditors may have among themselves as to their respective claims or the relative priority or subordination thereof.

13.2 <u>Headings</u>: The article and section headings used in this Plan are inserted for convenience and reference only and neither constitute a part of this Plan nor in any manner affect the terms, provisions or interpretations of this Plan.

13.3 <u>Severability</u>: Should any term or provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other term or provision of this Plan.

13.4 <u>Governing Law</u>: Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan and any documents, agreements and instruments executed in connection with this Plan (except to the extent such documents, agreements and instruments designate otherwise) shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas.

13.5 <u>Successors and Assigns</u>: The rights and obligations of any entity named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

13.6 <u>Discharge of Claims</u>: Except as otherwise provided herein or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made hereunder shall discharge all existing debts and Claims of any kind, nature, or description whatsoever against the Debtor and the Reorganized Debtor or any of their assets or properties to the extent permitted by section 1141 of the Bankruptcy Code; upon the Effective Date, all existing Claims against the Debtor and the Reorganized Debtor shall be, and shall be deemed to be discharged; and all holders of Claims shall be precluded from asserting against the Reorganized Debtor or any of their assets or properties, any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder filed a proof of claim.

13.7 <u>Discharge of Debtor</u>: Any consideration distributed under the Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever against the Debtor or any of their assets or properties; and except as otherwise provided herein, upon the Effective Date, the Debtor shall be deemed discharged and released to the extent permitted by section 1141 of the Bankruptcy Code from any and all Claims, including but not limited to demands and liabilities that arose before the Effective Date, whether or not (a) a proof of claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a claim based upon such debt as allowed under section 502 of the Bankruptcy Code; or (c) the holder of the claim based upon such debt has accepted the Plan. Except as provided herein, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor. As provided in section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtor at any time obtained to the extent it relates to a claim discharged, and operates as an injunction against the prosecution of any action against the Debtor or the property of any of them, to the extent it relates to a claim discharged.

13.8    Case Closing.  The Reorganized Debtor shall file an application for final decree and to close the Case and promptly set a hearing no later than twelve (12) months after the Effective Date or show cause to the Court within such period why the Court should not enter a final decree.  Any adversary proceeding that is a Cause of Action shall survive the entry of a final decree and closing of the Case and jurisdiction shall be retained over such proceeding.

13.9    Exculpations:  The Debtor's professionals shall not have or incur any liability to any holder of a Claim for any act, event, or omission in connection with, or arising out of, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence.

13.10   Injunctive Relief:  On and after the Confirmation Date, all creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Code from taking any action to correct or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan. The discharge granted by this Plan voids any judgment at any time obtained with respect to any debt discharged.

## ARTICLE XIV

## **EVENTS OF DEFAULT**

14.1    Events of Default: Failure to make Plan payments shall constitute an event of default under the Plan.  In the event of default under the Plan, creditors will provide notice of default to the Reorganized Debtor.  The Reorganized Debtor will have 20 days from the date of such notice to cure the default.  If the Reorganized Debtor fails to cure the default, creditors shall be entitled to collect all amounts owed in accordance with applicable bankruptcy and non-bankruptcy law.

Dated: July 1, 2021                                        /s/ *Neil Goldstein*
                                                            Neil Goldstein, Chief Restructuring Officer


                                                    Respectfully submitted,


                                                    By:  /s/ *Areya Holder Aurzada*
                                                         Areya Holder Aurzada
                                                         State Bar No. 24002303
                                                         HOLDER LAW
                                                         901 Main Street, Suite 5320
                                                         Dallas, Texas 75202
                                                         Telephone: (972) 438-8800
                                                         Email: areya@holderlawpc.com

                                                    Counsel for the Debtor