# COVER SHEET

HOLDER LAW's Final Application for Compensation and for Reimbursement of Expenses for the time period of May 28, 2021 through October 5, 2021

Capacity: Counsel for Debtor                                              Chapter: 11

Debtor/Case: In re: Golf Tailor, LLC/21-30995-MVL-11

Retainer Received: $26,432.00            Amount Previously Paid Post-petition: $12,046.12

**Amount Requested**:                                        **Reductions:**

Fees: $26,880.00                                              Vol. Fee Reduction: _____

Expenses: $902.56                                             Expense Reduction: _____

Other: _____                                           Total Reductions: _____

**Total**: $27,782.56

**Expenses:**

Copies per page: $0.20                                        Postage: $303.28

Faxes per page: _____                                    Other (specify): 64.00 Court Filing Fee

**Hourly Rates:**  Attorney              Associate Attorney           Paralegal/Clerical

Highest Rates: $450.00                   $300.00                      $150.00

Hours Billed: 50.0                       0.0                          29.2

Average: _____

*/s/ Areya Holder*                       October 5, 2021
Signature                                Date

Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

COUNSEL FOR GOLF TAILOR, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GOLF TAILOR, LLC | § § | CASE NO. 21-30995-mvl |
| Debtor | § § § | Chapter 11 |

**HOLDER LAW'S FINAL APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES IN ITS CAPACITY AS ATTORNEY FOR GOLF TAILOR, LLC**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS APPLICATION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

| | |
|---|---|
| Name of Applicant: | HOLDER LAW |
| Authorized to Provide Professional | Golf Tailor, LLC |
| Date of Retention: | Order EOD June 23, 2021 |
| Retainer on Hand: | $14,385.88 |
| Period for which Allowance of Compensation | May 28, 2021 through October 5, 2021 |

and Reimbursement is Sought:

Applicant's Retention Orders:				See **Exhibit A**

Fee Statements					See **Exhibit B**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

HOLDER LAW ("Applicant") hereby files its Final Application for Compensation and for Reimbursement of Expenses incident to 11 U.S.C. §§ 327 and 330 and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016 and Appendix 2016 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas ("Fee Application").

## I.    JURISDICTION

1. This Court has jurisdiction over the subject matter of this Application incident to 28 U.S.C. §§ 1334 and 157 and this is a core proceeding under 11 U.S.C. § 157(b)(2)(A).

## II.    RELIEF REQUESTED

2. As more fully set forth herein, Applicant asks this Court to enter an order: (i) granting approval of all compensation incurred by Applicant in this case, the total amount of which is $27,782.56, of which $26,880.00 represents fees for services rendered and $902.56 constitutes reimbursable expenses incurred by Applicant for the period beginning May 28, 2021 through October 5, 2021 (the "Fee Period"); (ii) allowing compensation and reimbursement of all sums requested, pursuant to the Motion for Distribution of Retainer; (iii) authorizing the allowed fees and expenses drawn down from the retainer of $12,046.12; and (iv) authorizing the unpaid balance to be paid to the HOLDER LAW by Golf Tailor, LLC within 14 days of the entry of the order approving this Application.

## III.    FACTUAL BACKGROUND

3. Golf Tailor, LLC filed a Voluntary Petition for Relief under Chapter 11 of Title

11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division on May 28, 2021 (the "Petition Date")

4. On May 28, 2021 [Docket No. 4], Debtor applied for an order to employ HOLDER LAW as counsel for the Debtor. By order entered June 23, 2021 [Docket No. 37], this Court approved the employment of HOLDER LAW (the "Employment Order").[1]

5. In conjunction with the Employment Order, Applicant began providing services to the Debtor and assisted the Debtor in preparing and presenting a Plan of Reorganization and Disclosure Statement.

6. On October 4, 2021, the Confirmation hearing was held, and the Debtor's Amended Plan of Reorganization was confirmed.

### IV. SERVICES OF APPLICANT

7. HOLDER LAW seeks by this Fee Application compensation for professional legal services rendered from May 28, 2021 through October 5, 2021 in the amount of $26,880.00 for attorney's fees and $902.56 as expenses to be reimbursed.

### SUMMARY OF SERVICES OF APPLICANT AND PAYMENTS TO APPLICANT

8. Applicant hereby seeks this Court's approval for compensation of professional services and reimbursement of expenses from May 28, 2021 through October 5, 2021. Applicant has performed exclusive legal services in connection with this case and has expended a total of 79.2 hours. The reasonable value for the services rendered by Applicant, as counsel for the Debtor in this proceeding is $26,880.00. In addition, Applicant has incurred reasonable and out-of-pocket expenses in the amount of $902.56, resulting in total fees and expenses of $27,782.56.

---

[1] True and correct copy of the *Order Approving the Employment of HOLDER LAW* as counsel for the Debtor is attached hereto as **Exhibit A**.

9. A detailed statement of (a) the time spent on service rendered and an itemization of costs, (b) the date the services were performed, (c) the amount of time spent on those services, and (d) the identity and capacity of each person performing the services and the hourly rate(s) for each person for whom compensation is sought is attached as **Exhibit B** and is incorporated herein by reference.

10. Applicant performed the ordinary services rendered in connection with Chapter 11 cases such as assisting the Debtor with preparation for the initial client interview, attendance at the first meeting of creditors, assistance as necessary with operating reports, preparation of the Debtor's Plan of Reorganization, dissemination of ballots, etc.

11. Debtor, with the assistance of counsel, has recently confirmed its Amended Plan of Reorganization.

## VI. EMPLOYMENT OF PROFESSIONAL PERSONS

12. Applicant filed its application to be employed as counsel for the Debtor, along with the affidavits supporting the application and order. No objections were received, and the Court entered its order approving the employment of Applicant.

## VII. OBJECTIVE FACTORS AFFECTING LEGAL FEES

13. The fee setting process under the Federal statute providing for the recovery of attorneys' fees begins with an examination of the nature and extent of the services rendered or what is referred to as the "time spent" standard. In other words, a measure of the quantum of the services must precede the determination of the value of these services.[2] **Exhibit B** to this application sets forth in detail all of the time for which final compensation is sought by Applicant, broken-down by month and day, and explains the hours by each attorney and

---

[2] See In re First Colonial Corp. of America, 544 F. 2d 1291 (5th Cir.) cert. denied, 97 S. Ct. 1696 (1977).

5

paraprofessional who provided services in this chapter 11 case and the requested rate of compensation. It is submitted that **Exhibit B** will allow the Court to examine what services Applicant has provided; the attorney and paraprofessionals who have actually worked on this Chapter 11 case; how much time was spent performing each such task or assignment; and the reasonable compensation for these services.

### VIII. SUBJECTIVE FACTORS AFFECTING COMPENSATION

14. In fixing the amount of reasonable compensation to be awarded a law firm for worked performed in a Chapter 11 case, the Court may consider factors other than the numbers of hours spent and the hourly rate normally charged.[3] The standards established by Fifth Circuit Court of Appeals have been further modified by the opinion of the Supreme Court in *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air*,[4] While *Delaware Valley* concerned the award of attorneys' fees under section 304(d) of the Clean Air Act, the language of the opinion makes it generally applicable to the award of attorneys' fees pursuant to federal statutes which require that the fee awarded be "reasonable."

15. In *Delaware Valley*, the High Court, in considering the *Johnson* case, noted the practical difficulties encountered by courts in applying the sometimes-subjective *Johnson* factors. The Court in *Delaware Valley* also considered the "lodestar" approach of the Third Circuit Court of Appeals.[5] The Court also revisited its prior opinions[6] whereby it determined that the proper first step in determining a reasonable attorneys' fee is to multiply the number of

---

[3] *See In re First Colonial Corp. of America, supra,* and *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).

[4] *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air*, 106 S. Ct. 3088 (1986).

[5] *See e.g., Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corporation*, 487 F. 2d 161 (3d Cir. 1973) (Lindy I).

[6] *See Hensley v. Eckerhart*, 461 U.S. 424 (1983) and *Blum v. Stenson*, 465 U.S. 886 (1984).

6

hours reasonably expended on the litigation times a reasonable hourly rate, and that adjustment of this figure based on some of the *Johnson* factors might be appropriate[7], but that such modifications would be proper only in certain rare and exceptional cases and when supported by specific evidence and detailed findings of the lower court[8]. In *Delaware Valley*, the Court took an even more restrictive approach to the relevance of the *Johnson* factors and concluded that the "lodestar" figure includes most, if not all, of the relevant factors comprising a "reasonable attorneys' fee." [9]

16. Thus, under the *Delaware Valley* approach, this Court is guided to determine the number of hours reasonably spent in representing Intrepid, multiplied by a reasonable hourly rate for the services performed. The following discussion incorporates the *Johnson* factors only insofar as they might add the Court in its determination of the "lodestar" figure.

17. The following subjective *Johnson* factors are offered for consideration:

- <u>Time and the labor required.</u>  Applicant has expended 79.2 hours providing necessary and reasonable services incident to its representation of the Debtor in this Chapter 11 case from May 28, 2021 through October 5, 2021. The total value of this time is $26,880.00.

- <u>The skill requisite to perform the legal services properly.</u>  Ms. Aurzada is a skilled and highly experienced attorney who has dealt extensively in reorganization for as long as she has practiced law.

- <u>The Preclusion of other employment by attorneys due to acceptance of this case.</u> Because of the time commitment to this case, other employment was

---

[7]     *See Hensley*, 461 U.S. at 434, n. 9.

[8]     *See Blum*, 465 U.S. at 898-901.

precluded to some degree.

- The customary fee. **Exhibit B** sets forth the hourly rate at which compensation is requested forth. These rates are no greater, and in many cases considerably less, than those being charged by attorneys in this district. Applicant and other similar firms customarily charge these rates for equivalent services. These rates compare favorably to the cost of legal services to ordinary legal consumers.

- Whether the fee is fixed or contingent. The fee in this case is not contingent upon the outcome of any particular issue or adversary proceeding.

- Time limitations imposed by the client or other circumstances. Time constraints have neither been great nor limited.

- The amount involved and the results obtained. Applicant assisted the Debtor in a successful reorganization and Confirmation of the Debtor's proposed Plan.

- The experience, reputation and ability of the attorneys. Applicant submits that Ms. Aurzada enjoys an excellent reputation as a learned and experienced bankruptcy practitioner.

- The "undesirability" of the case. This factor is not relevant in this case.

- The nature and length of the professional relationship with the client. Applicant had no professional relationship with Debtor prior to its retention by Debtor as bankruptcy counsel.

- Awards in similar cases. Applicant represents and would demonstrate that the compensation for the services rendered and expenses incurred in

---

9    *See In Delaware Valley*, 106 S. Ct. at 309.

connection with this case is not excessive and is commensurate with, or below the compensation sought or ordered in similar cases under the Bankruptcy Code. Applicant's fee request is based upon normal hourly charges that Applicant charges private clients of the firm. Taking into consideration the time and labor spent, the nature and extent of the representation, Applicant believes the allowance prayed for herein is reasonable. Lastly, this Court is infinitely familiar with the size of other fee awards in similar cases. In addition, each case, to some extent, is unique and comparisons are somewhat difficult. Applicant urges the Court to consider, however, that awards of similar or significantly larger fees have been made in other cases over the past several years in this District.

- Additional consideration. The Court in *First Colonial Corp. of America, supra*, stated that two additional considerations should be considered by the Court:

    A. The policy of the Bankruptcy Code that estates be administered as efficiently as possible. It is the policy of Applicant to assign work to an attorney who has the degree of expertise and specialization to perform efficiently and properly the services required and to utilize legal assistants whenever appropriate. This practice has been followed to date in this Chapter 11 case and will be followed in the future.

    B. The Bankruptcy Code does not permit the award of duplicate fees or compensation for non-legal services. There has been no unnecessary or unavoidable duplication of legal services and there have been no non-legal services performed by this firm.

9

18. It has been necessary for Applicant to incur out-of-pocket expenses in connection with its representation of Debtor in this case. Careful records of these expenditures have been maintained, and the expenses incurred for the period are summarized in **Exhibit B**. Copy charges have been billed at $.20 per page. All of these expenses are reasonable, necessary, and Applicant believes itself to be entitled to reimbursement in the total sum of $902.56.

### X. AVERAGE HOURLY RATE

19. Applicant seeks compensation for 79.2 hours of professional time for a total of $26,880.00 which represents an average hourly rate of $450.00 for the attorney and $150.00 for the legal assistant.

### XI. REASONABLENESS OF APPLICANT'S FEES

20. Applicant represents that the fees and expenses requested herein are fair and reasonable in connection with the services provided. The rates charged by Applicant are competitive and customary for the degree of skill and expertise necessary for cases of this type and are consistent with or below rates charged by other counsel with similar experience in the Northern District of Texas.

21. The work Applicant performed during its representation herein has been beneficial to Debtor's estate as set forth above in the Fee Period Statements. Taking into consideration the time and labor spent, the nature and extent of the representation, and the results obtained in this proceeding, Applicant believes the allowance prayed for herein is reasonable and just.

### XII. SUMMARY

22. Applicant is seeking award of compensation set forth in **Exhibit B**, for 79.2 hours of attorney's time and legal assistant's time for services furnished to the Debtor during the time period specified in the total amount of $26,880.00, plus reimbursement of expenses in the amount of $902.56 for a total of fees and expenses in the amount of $27,782.56.

23. **Exhibit B** to this Application details how time was spent as well as how the requested compensation has been calculated. The amounts sought are fair and reasonable compensation in light of all the circumstances.

24. Pursuant to the Motion for Distribution of Retainer filed on June 23, 2021, Applicant withdrew $12,046.12 from its retainer on hand. Applicant has a retainer balance in the amount of $14,385.88. The total compensation sought in this Application is $27,782.56.

25. After subtracting the retainer previously drawn down and the retainer on hand, the unpaid fees and expenses through October 5, 2021 is $1,350.56.

## XI. REQUEST FOR RELIEF

For these reasons, Applicant respectfully asks this Court to authorize its Final Application for Compensation and for Reimbursement of Expenses from May 28, 2021 through October 5, 2021, in the amount of $26,880.00 in professional fees and $902.56 in reasonable expenses, for a total of $27,782.56 to be paid by the Debtor to the Applicant within 14 days of the entry of this Order, and for such other and further relief as may be just.

Dated: October 5, 2021                                   Respectfully Submitted,

By: */s/Areya Holder Aurzada*
    Areya Holder Aurzada
    State Bar No. 24002303
    HOLDER LAW
    901 Main Street, Suite 5320
    Dallas, Texas 75202
    Telephone: (972) 438-8800
    Email: areya@holderlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 6, 2021, by BAE Systems (The Noticing Center) upon the attach mailing matrix via United States first class mail, postage prepaid except for the parties listed below which received electronic notice.

                                                    Respectfully submitted,

                                          By: /s/ *Areya Holder Aurzada*
                                                  Areya Holder Aurzada

PARTIES RECEIVING ELECTRONIC NOTICE:

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Michael J. Durrschmidt on behalf of Interested Party Watermark Bank
mdurrschmidt@hirschwest.com; tmiller@hirschwest.com; klewinski@hirschwest.com

William J. Factor on behalf of Creditor Corporate Disk Company
wfactor@seyfarth.com; nbouchard@wfactorlaw.com

Robert Coleman Rowe on behalf of Creditor Sino Golf Manufacturing Co., Ltd.
rrowe@curtislaw.net

Jason A. Sansone on behalf of creditor Sheri Justus
JSansone@SansoneHowell.com

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com, dallas.bankruptcy@lgbs.com

United States Trustee
Ustpregion06.da.ecf@usdoj.gov

James Vogt on behalf of Creditors Criteo Corp. and Outbrain Inc.
jimvogt@rrvmlaw.com