



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 5, 2021

United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GOLF TAILOR, LLC | § § | CASE NO. 21-30995-MVL |
| Debtor | § § § | Chapter 11 |

## ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION

On October 4, 2021, came on for consideration Confirmation of Golf Tailor, LLC's Amended Plan of Reorganization (the "Plan") filed August 13, 2021 under Chapter 11 of Title 11 of the Bankruptcy Code. (All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.) Having conducted the Confirmation Hearing, reviewed the evidence, heard testimony presented and noted the lack of unresolved objections and votes in opposition to the Plan, THE COURT HEREBY FINDS AS FOLLOWS:

1. <u>Petition Date</u>. The above-captioned Debtor filed its voluntary petition for relief under Chapter 11 on May 28, 2021.

2. <u>Jurisdiction</u>. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157, and these matters constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(B), (L), (M) and (O).

3. <u>Plan Proponent</u>. The proponent of the Plan is Debtor, Golf Tailor, LLC.

4. <u>Vote Solicitation</u>. The Amended Plan of Reorganization, Amended Disclosure Statement, Ballots and other appropriate materials were transmitted to holders of Claims and Equity Interests in accordance with the Order Approving the Disclosure Statement

5. <u>Disclosure Statement</u>. The Court finds that the disclosures contained in the Debtor's Amended Disclosure Statement (the "Disclosure Statement") filed on August 16, 2021, and approved on August 19, 2021 contains adequate information as required under 11 U.S.C. §1125.

6. <u>Notice</u>. Notice of the Plan, the Confirmation Hearing, and the objection and voting deadlines were in conformance with Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure and/or were determined to be adequate and sufficient Notice. Holders of Claims and Equity Interests have received adequate notice and an opportunity to be heard and were accorded due process in the adjudication of the issues presented by Confirmation of the Plan. Likewise, acceptances of the Plan were solicited in accordance with Section 1125 of the Bankruptcy Code and other applicable Bankruptcy Code provisions.

7. <u>Section 1122.</u> The classification of Claims contained in the Plan is appropriate under Section 1122 of the Bankruptcy Code.

8. <u>Accepting and Rejecting Classes.</u> At least one class of Impaired Creditors has

voted to accept the Plan.  There were no votes in opposition to the Plan.

9. Section 1123. The Plan complies with Section 1123 of the Bankruptcy Code in that the Plan (a) designates classes of claims, other than claims of a kind specified in Sections 507(a)(1), 507(a)(2) or 507(a)(8) of the Bankruptcy Code, and a class of partnership interests; (b) specifies each class of claims that is not impaired under the Plan and the treatment of all classes of claims and interests that are impaired under the Plan; (c) provides for the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment; (d) provides adequate means for the Plan's implementation; (e) if applicable, provides for the inclusion of the Reorganized Debtor's charter or other organization documents of a provision prohibiting the issuance of non-voting equity securities; and (f) makes adequate disclosure of the post-Effective Date management of the Reorganized Debtor and the compensation promised to be paid, all of which is consistent with the interests of creditors and equity interest holders and public policy.

10. Section 1129(a)(1).  The Plan complies with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) thereof.

11. Section 1129(a)2).  The Debtor has complied with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) thereof.

12. Section 1129(a)(3).  The Plan has been proposed in good faith by the Debtor.  The Plan was proposed with the honest intent to reorganize and not by any means forbidden by law.  Debtor has exercised sound business judgment in filing the Chapter 11 bankruptcy, and the Debtor's Plan is in compliance with Section 1129(a)(3) of the Bankruptcy Code.

13. Section 1129(a)(4).  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Bankruptcy Case or in connection with the

Plan and incident to this Bankruptcy Case has been approved by or is subject to the approval of the Court as reasonable as required by Section 1129(a)(4) of the Bankruptcy Code.

14. <u>Section 1129(a)(5)</u>. In the Plan, the Disclosure Statement and at the Confirmation Hearing, the Debtor complied with Section 1129(a)(5) by disclosing the identity and affiliation of each of the individuals proposed to serve, after the Effective Date of the Plan, as management for the Reorganized Debtor.

15. <u>Section 1129(a)(6)</u>. The Plan does not require the approval of any governmental regulatory commission as contemplated by section 1129(a)(6) of the Bankruptcy Code.

16. <u>Section 1129(a)(7).</u> With respect to each Impaired Class of Claims or Equity Interests under the Plan, each holder of an Allowed Claim or Equity Interest of such Class (i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if such Claimant's or Equity Interest Holder's claim or interest were liquidated under Chapter 7 of the Bankruptcy Code in compliance with Section 1129(a)(7) of the Bankruptcy Code. The Plan satisfies the "best interest" of creditors test.

17. <u>Section 1129(a)(8)</u>. The Debtor has not received any votes in opposition to the Plan and has received two votes in favor of the Plan.

18. <u>Section 1129(a)(9)</u>. The Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

19. <u>Section 1129(a)(10)</u>. The Plan satisfies the requirement of Section 1129(a)(10) in that at least one class of impaired creditors has voted to accept the Plan.

20. <u>Section 1129(a)(11)</u>. The Plan meets the requirements of Section 1129(a)(11). Based upon the evidence presented, the Plan is feasible and not likely to be followed by the need for further financial reorganization.

21. <u>Section 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on and after the Effective Date as required by Section 1129(a)(12) of the Bankruptcy Code.

22. <u>Section 1129(a)(13)</u>. The Debtor has no obligation to retirees and therefore Section 1129(a)(13) of the Bankruptcy Code is inapplicable.

23. <u>Section 1129(a)(14)</u>. The Debtor is not an individual and therefore does not have any domestic support obligations.

24. <u>Section 1129(a)(15)</u>. The Debtor is not an individual and therefore Section 1129(a)(15) of the Bankruptcy Code is inapplicable.

25. <u>Section 1129(a)(16)</u>. The Plan satisfies the requirements of Section 1129(a)(16) of the Bankruptcy Code.

26. <u>Section 1129(b)</u>. To the extent applicable, the Plan satisfies the requirements of 1129(b) in that the Plan does not discriminate unfairly and is fair and equitable.

27. <u>Professional Fee Claims</u>. Each Professional Person or other entity that holds or asserts an Administrative Claim that is a fee claim incurred before the Effective Date shall be required to File with the Bankruptcy Court, and serve on all parties required to receive notice under the Bankruptcy Rules, a Fee Application within sixty (60) days after the Effective Date. The Court will determine the Allowed amount of any such Fee Claim after notice and a hearing. The failure to file the Fee Application timely shall result in the Fee Claim being forever barred and discharged. To the extent necessary, entry of this Confirmation Order shall amend and

supersede any previously entered order of the Bankruptcy Court regarding procedures for the payment of fee claims.

Therefore, THIS COURT HEREBY CONCLUDES, as a matter of law, that:

28. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

29. The Plan complies with the elements of Section 1129 of the Bankruptcy Code, and the Plan is hereby confirmed.

Now, upon the motion of the Debtor and after due deliberation, the Court hereby ORDERS, ADJUDGES AND DECREES that:

1. <u>Rule 7052</u>. The Findings and Conclusions of this Court set forth above shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 made applicable to this matter by Bankruptcy Rule 9014.

2. <u>Findings and Conclusions</u>. To the extent that any provision designated herein as a Finding of Fact is more properly characterized as a Conclusion of Law, it is adopted as such. To the extent that any provision designated herein as a Conclusion of Law is more properly characterized as a Finding of Fact, it is adopted as such.

3. <u>Incorporation by reference of Plan</u>. The terms of the Plan are incorporated in this Order and shall be treated as a part hereof. The provisions of this Order are integrated with each other and are mutually dependent and not severable.

4. <u>Confirmation of Plan</u>. The Debtor's Plan is confirmed in all respects pursuant to Section 1129 of the Bankruptcy Code.

5. <u>Amendments or Agreed Changes to the Plan Incorporated by this Order:</u>

   a. *Texas Comptroller of Public Accounts:* Notwithstanding anything else to the

contrary in the Plan or this Confirmation Order, these provisions will govern the treatment of the claims of the Comptroller of Public Accounts (the "Comptroller"): (1) nothing provided in the Plan or this Confirmation Order shall affect or impair any statutory or common law setoff rights of the Comptroller in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or this Confirmation Order shall affect or impair any rights of the Comptroller to pursue any non-debtor third parties for tax debts or claims; (3) nothing provided in the Plan or this Confirmation Order shall be construed to preclude the payment of interest on the Comptroller's administrative expense tax claims; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim of the Comptroller, the interest rate shall be the statutory interest rate, currently 4.25% per annum; (5) the Comptroller is not required to file a motion or application for payment of administrative expense claims; the Comptroller's administrative expense claims are allowed upon filing, subject to objection on substantive grounds; and (6) the Comptroller shall retain any lien it has on the Debtor's property.

Priority tax claims owed to the Comptroller shall be paid: (1) in full within ninety (90) days of the Effective Date of the plan; or (2) as otherwise agreed to by the Comptroller. The Comptroller's priority tax claims shall accrue interest at the statutory rate of interest, currently 4.25% per annum, from the Plan's Effective Date until paid in full.

A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or

Reorganized Debtor fail to cure an Event of Default as to an agency of the State of Texas within ten (10) days after service of a written notice of default, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor and/or Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured.

6. <u>Closing of Record</u>. Upon entry of this order, the record of the Confirmation Hearing is closed.

7. <u>Section 1142</u>. In accordance with section 1142 of the Bankruptcy Code, the Debtor, the Reorganized Debtor, the Managing Member and its directors, officers, agents, attorneys and representatives, are authorized, empowered, directed and ordered to forthwith issue, execute, deliver, file and record any other agreement, document, instrument or certificate referred to in or contemplated by the Plan (collectively, the "Documents"), and to take any corporate or other action necessary, useful or appropriate to implement, effectuate and consummate the Plan and the Documents in accordance with their respective terms.

8. <u>Further Implementation</u>. Each and every federal, state, commonwealth, local or other governmental agency or department is hereby directed and ordered to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan or this Order.

9. <u>Notice of Confirmation</u>. Pursuant to Bankruptcy Rule 3020(c), within ten (10) Business Days following entry of this Order, or as soon as practicable thereafter, the Debtor shall mail to holders of Claims and Equity Interests a notice, as provided in Bankruptcy Rule 2002(f)

by mail.

10. <u>Retention of Jurisdiction</u>.  Notwithstanding Confirmation of the Plan and except as expressly provided above, this Court retains jurisdiction over the Debtor's Bankruptcy Case pursuant to and for the purposes set forth in (a) Sections 105(a) and 1127 of the Bankruptcy Code, (b) Article IX of the Plan, (c) to enforce the terms of this Order and (d) for such other purposes as may be necessary or useful to aid in the implementation and consummation of the Plan.

11. <u>Trustee fees</u>.  The Reorganized Debtor shall be responsible for timely payment of all fees incurred pursuant to 28 U.S.C. § 1930(a)(6). After confirmation, the Reorganized Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each month (or portion thereof) the case remains open. Such report shall be in the format prescribed by the United States Trustee.

### End of Order ###

PREPARED BY:

Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, Texas 75214
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

COUNSEL FOR GOLF TAILOR, LLC

United States Bankruptcy Court
Northern District of Texas

In re: Case No. 21-30995-mvl
Golf Tailor, LLC Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0539-3     User: admin     Page 1 of 2
Date Rcvd: Oct 05, 2021     Form ID: pdf024     Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol   Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#     Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 07, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Golf Tailor, LLC, 13 S. Broadway, Edmond, OK 73034-3739 |
| aty | + | Holder Law, 901 Main Street, Suite 5320, Dallas, TX 75202-3700 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2021     Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 5, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Areya Holder | on behalf of Debtor Golf Tailor LLC areya@holderlawpc.com, holderlaw@jubileebk.net |
| Christopher S. Murphy | on behalf of Creditor Texas Comptroller of Public Accounts Revenue Accounting Division bk-cmurphy@oag.texas.gov, sherri.simpson@oag.texas.gov |
| James Vogt | on behalf of Creditor Criteo Corp. jimvogt@rrvmlaw.com |
| James Vogt | on behalf of Creditor Outbrain Inc. jimvogt@rrvmlaw.com |

| | | |
|---|---|---|
| District/off: 0539-3 | User: admin | Page 2 of 2 |
| Date Rcvd: Oct 05, 2021 | Form ID: pdf024 | Total Noticed: 2 |

Jason A. Sansone
    on behalf of Creditor Sheri Justus JSansone@SansoneHowell.com r47439@notify.bestcase.com

Laurie A. Spindler
    on behalf of Creditor Dallas County Laurie.Spindler@lgbs.com Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

Michael J. Durrschmidt
    on behalf of Interested Party Watermark Bank mdurrschmidt@hirschwest.com tmiller@hirschwest.com;klewinski@hirschwest.com

Robert Coleman Rowe
    on behalf of Creditor Sino Golf Manufacturing Co. Ltd. rrowe@curtislaw.net

United States Trustee
    ustpregion06.da.ecf@usdoj.gov

William J. Factor
    on behalf of Creditor Corporate Disk Company wfactor@wfactorlaw.com bharlow@wfactorlaw.com


TOTAL: 10